**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HARMINDER SINGH, | No. 13-70419 |
| Petitioner, | Agency No. A088-347-459 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 18, 2014[**]

Before:     LEAVY, FISHER, and N.R. SMITH, Circuit Judges.

Harminder Singh, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's decision denying his application for asylum, withholding of removal, and

protection under the Convention Against Torture ("CAT").  We have jurisdiction

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010). We deny the petition for review.

Substantial evidence supports the agency's adverse credibility determination based on Singh's initial denial of any fear of persecution or torture if returned to India and his changing explanations for this denial, and based on the issues the agency noted regarding the letter from the leader of the Shiromani Akali Dal Mann. *See id.* at 1048 (adverse credibility determination was reasonable under the totality of circumstances); *see also Li v. Ashcroft*, 378 F.3d 959, 962-63 (9th Cir. 2004) (denial of mistreatment during airport interview supported adverse credibility determination). We reject Singh's contentions that the agency did not consider his explanations or otherwise improperly analyzed his case. Singh's explanations do not compel the opposite result. *See Lata v. INS*, 204 F.3d 1241, 1245 (9th Cir. 2000). In the absence of credible testimony, Singh's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Finally, Singh's CAT claim fails because it is based on the same testimony the agency found not credible, and Singh does not point to any other evidence in

13-70419

the record that compels the finding that it is more likely than not he would be tortured in India. *See id*. at 1156-57.

**PETITION FOR REVIEW DENIED.**