NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 20 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HARMINDER SINGH, | No. 15-71620 |
| Petitioner, | Agency No. A088-347-459 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 17, 2022[**]

Before:     CANBY, TASHIMA, and NGUYEN, Circuit Judges.

Harminder Singh, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' ("BIA") order denying his motion to reopen

removal proceedings.  We have jurisdiction under 8 U.S.C. § 1252.  We review for

abuse of discretion the denial of a motion to reopen.  *Cano-Merida v. INS*, 311

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

F.3d 960, 964 (9th Cir. 2002). We deny the petition for review.

We previously denied Singh's petition for review of the agency's decision that he was not eligible for asylum, withholding of removal, or protection under the Convention Against Torture. *Singh v. Holder*, 586 F. App'x 269 (9th Cir. 2014) (unpublished). We now conclude that the BIA did not abuse its discretion by denying Singh's untimely motion to reopen. As the BIA determined, Singh did not introduce previously unavailable, material evidence, and no exception to the filing deadline for his motion to reopen otherwise applies. 8 U.S.C. § 1229a(c)(7)(C); 8 C.F.R. § 1003.2(c)(1); *Young Sun Shin v. Mukasey*, 547 F.3d 1019, 1025 (9th Cir. 2008) (applicants seeking to "reopen proceedings to pursue relief bear a 'heavy burden' of proving that, if proceedings were reopened, the new evidence would likely change the result in the case") (quoting *Matter of Coelho*, 20 I. & N. Dec. 464, 473 (BIA 1992)).

The record does not support Singh's contention that the BIA failed to consider the evidence he submitted with his motion to reopen or otherwise violated his right to due process. *See Feng Gui Lin v. Holder*, 588 F.3d 981, 987 (9th Cir. 2009) ("[A]lthough the BIA must consider a petitioner's evidence of changed country conditions, it need not expressly refute on the record every single piece of evidence.").

**PETITION FOR REVIEW DENIED.**